IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER ENRIQUE RIOS, <br><br> Plaintiff, <br><br> v. <br><br> DAVIS COUNTY JAIL et al., <br><br> Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT** <br><br> Case No. 1:19-CV-114-TC <br><br> District Judge Tena Campbell |

Plaintiff, inmate Christopher Enrique Rios, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2020),[1] *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Complaint, (ECF No. 4), under its statutory review function,[2] the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2020).

[2] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2020).

## COMPLAINT'S DEFICIENCIES

Complaint:

(a) improperly names Davis County Jail as § 1983 defendant, when it is not independent legal entity that can sue or be sued. *See Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 U.S. Dist. LEXIS 45488, at * 5 (W.D. Okla. Mar. 7, 2018) (stating correctional facilities "not suable entities in a § 1983 action").

(b) improperly names as defendants, jail "staff workers," when each defendant must be individually named.

(c) does not properly affirmatively link some defendants to civil-rights violations. (See below.)

(d) alleges possible constitutional violations resulting in type of injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2020), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

(e) does not properly state a claim of inadequate medical treatment. (See below.)

(f) shows confusion about how to state claim of failure to protect. (See below.)

(g) has claims possibly involving current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

(2) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to

---

[3] The rule on amending a pleading reads:
      (a) Amendments Before Trial.
            (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
                  (A) 21 days after serving it, or
                  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
            (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

(4) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019). However, Plaintiff need not include grievance details in his complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

**• Affirmative Link**

> [A] plaintiff who brings a constitutional claim under § 1983 can't
> obtain relief without first satisfying the personal-participation
> requirement. That is, the plaintiff must demonstrate the defendant
> "personally participated in the alleged constitutional violation" at
> issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018).
> Indeed, because § 1983 is a "vehicle[] for imposing personal
> liability on government officials, we have stressed the need for
> careful attention to particulars, especially in lawsuits involving
> multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th
> Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250
> (10th Cir. 2008) (explaining that when plaintiff brings §
> 1983 claims against multiple defendants, "it is particularly
> important . . . that the complaint make clear exactly *who* is alleged
> to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*,
> 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's
> analysis of plaintiff's § 1983 claims was "infirm" where district
> court "lump[ed]" together plaintiff's claims against multiple
> defendants--"despite the fact that each of the defendants had
> different powers and duties and took different actions with respect
> to [plaintiff]"--and "wholly failed to identify specific actions taken
> by particular defendants that could form the basis of [a
> constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."

*Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the

personal-participation requirement will not only justify dismissal for failure to state a claim; it

will render the plaintiff's claim frivolous." *Id*.

**• Inadequate Medical Treatment**

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials

to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v.

Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310

(10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide

proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

• **Failure to Protect**

Plaintiff should consider the following information as he considers an amended

complaint:

> "A prison official's deliberate indifference to a substantial
> risk of serious harm to an inmate violates the Eighth Amendment."
> *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (internal quotation
> marks omitted). These claims include both an objective and a
> subjective component. *Estate of Booker v. Gomez*, 745 F.3d 429,
> 430 (10th Cir. 2014) (internal quotation marks omitted) (medical
> needs); *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir.
> 1996) (failure to protect).
> . . . .
> For the objective component of a failure-to-protect claim,
> the prisoner "must show that he is incarcerated under conditions
> posing a substantial risk of serious harm." *Riddle*, 83 F.3d at
> 1204 (internal quotation marks omitted). "A prisoner has a right to
> be reasonably protected from constant threats of violence . . . from
> other inmates." *Id.* (internal quotation marks omitted).
> For the subjective component . . ., the prisoner must present
> "evidence of the prison official's culpable state of mind. He must
> show that the prison official acted or failed to act despite his
> knowledge of a substantial risk of serious harm." *Estate of Booker*,
> 745 F.3d at 430 (citation and internal quotation marks omitted)
> (medical needs); *see Riddle*, 83 F.3d at 1204 (failure to protect).
> "[T]he official must have been both aware of facts from which the
> inference could be drawn that a substantial risk of serious harm
> exists, and he must have also drawn the inference." *Requena v.
> Roberts*, 893 F.3d 1195, 1215 (10th Cir. 2018) (brackets, ellipsis,
> and internal quotation marks omitted).
> In addition to the objective and subjective components of
> these Eighth Amendment claims, a § 1983 "plaintiff must show the
> defendant personally participated in the alleged violation, and
> conclusory allegations are not sufficient to state a constitutional
> violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996)
> (citation omitted).

*Gray v. Sorrels*, 744 F. App'x 563, 568 (10th Cir. 2018) (unpublished).

## ORDER

**IT IS HEREBY ORDERED** that:

(**1**) Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a

document entitled, "Amended Complaint," that does not refer to or include any other document.

(**2**) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-

rights complaint which Plaintiff must use if he wishes to pursue another amended complaint.

(**3**) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions,

this action will be dismissed without further notice.

(**4**) Plaintiff shall not try to serve the amended complaint on Defendants; instead the Court will

perform its screening function and determine itself whether the amended complaint warrants

service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2020) ("The

officers of the court shall issue and serve all process, and perform all duties in [*in forma*

*pauperis*] cases.").

(**5**) Plaintiff's motions for leave to appeal *in forma pauperis* are **DENIED**. (ECF Nos. 12 & 13.)

Because there is no final order in this case, it is inappropriate to proceed toward an appeal.

DATED this 20th day of April, 2020.

BY THE COURT:

JUDGE TENA CAMPBELL
United States District Court